UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON STRONG, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:18 CV 2043 CDP ) |
| REPUBLIC SERVICES, INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This newly-removed case is before me *sua sponte* for review of the file. The case was randomly assigned to me upon removal, based upon the removing party's failure to disclose on its Original Filing Form that "This same cause, or a substantially equivalent complaint, was previously filed in this Court…" By failing to disclose on the form that this same case was previously filed and assigned to a different judge, the removing party prevented the Clerk of Court from following its normal procedure and directly assigning it to the judge who previously handled the same case.

This case was filed in state court in May 2017 and removed to federal court in June 2017. *See Strong v. Republic Servs., Inc.*, Case No. 4:17CV1645 JCH (E.D. Mo. 2017). Judge Hamilton presided over the case until October 20, 2017, when she remanded the case back to state court because of lack of federal subject-matter jurisdiction. Since remand, this case has continued to proceed in state court. In

October 2018, a defendant in the case, Bridgeton Landfill, LLC, was granted leave to file a third-party complaint in the action, seeking contribution against Cotter Corporation, N.S.L. On December 7, 2018, Cotter Corporation removed the case to this Court.

In its Original Filing Form, Cotter Corporation failed to check the box about the "same cause, or a substantially equivalent complaint," yet identified three other cases that this case is "related" to.[1] Even in its description of "related" cases, Cotter failed to list the originally removed version of this same case. (*See* ECF #3.) At the very least, this case is "substantially equivalent" to Case No. 4:17CV1645 JCH – the case that was removed to this Court in June 2017, has remained pending in one forum or another since that time, and is again before this Court on Cotter's removal. Cotter Corporation's recitation of the procedural history of this case as set out in its Notice of Removal includes the case's pendency here in 2017, which shows its awareness that the case was previously before the Court. Neither the sameness of the case nor its "substantial equivalence" is diluted by the filing of a third-party complaint seeking contribution.

The Court's procedures and requirements that parties fill out the Original Filing Form are intended to promote fairness and avoid judge-shopping. For that reason I will direct the Clerk to reassign the case to the original judge. If there is a reason that judge cannot now handle the case, that can be dealt with upon

---

[1] Case No. 4:12CV361 AGF, *McClurg v. Mallinckrtodt, et al.*; Case No. 4:17CV24 CDP, *Dailey v. Bridgeton Landfill, LLC, et al.*; Case No. 4:18CV624 JAR, *Banks v. Cotter Corp., et al.*

- 2 -

reassignment, but the decision should not be made by a removing party's failure to accurately follow the Court procedures.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall directly assign this case to the Honorable Jean C. Hamilton, the district judge who presided over the case during its original pendency before the Court.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2018.