UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON STRONG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:18CV02043JCH |
| | ) |
| REPUBLIC SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand, (ECF No. 23) filed December 19, 2018, and on the Motion of Third-Party Plaintiff Bridgeton Landfill, LLC., seeking remand, (ECF No. 26) filed December 21, 2018. The matter is fully briefed and ready for disposition.

## **BACKGROUND**[1]

On May 4, 2017, Plaintiffs filed their Complaint in State Court in the Circuit Court of St. Louis County, Missouri. Plaintiffs allege that they are extended members of the Boenker family, and are owners of the Boenker family farm, which lies adjacent to the Westlake Landfill and Bridgeton Landfill.[2] Plaintiffs also allege that the Defendants accepted radioactive waste without proper license, and that the radioactive waste spread to Boenker land causing the Plaintiffs' personal injuries, property damages, and the need for medical monitoring. Plaintiffs

---

[1] There are three groups of parties to this action. Plaintiffs, twenty-seven (27) individuals and one (1) limited liability Company, Defendants Bridgeton Landfill, LLC and affiliated companies, and Third-Party Defendant, Cotter Corporation.

[2] Plaintiffs alleged that Defendant Republic Systems Inc., is and has been responsible for operating the Landfills; Defendant Bridgeton Landfill, LLC owns the Landfills. In 1988 Defendant Westlake Landfill, Inc., changed its name to Laid Law Waste Systems, Inc., and in 1998 merged into Defendant Bridgeton Landfill, LLC; Defendant Allied Services, LLC, is the sole member of Defendant Bridgeton Landfill, LLC, and overseas the operation and management of the Landfills; Defendant Rock Road Industries Inc., owns and/or owned the West Lake Landfill; Defendants Jared Romaine and David Vasbinder worked at the Birdgeton Landfill.

allege that radioactive waste was accepted by the landfills in 1973; that the radioactive waste came from the Cotter Corporation; and that the Landfills owner/operator failed to seek proper licensing from the Nuclear Regulatory Commission (NRC) prior to receipt of the material.

On June 9, 2017, the Defendants removed this matter from State Court to Federal Court pursuant to Title 28 U.S.C. § 1331. Defendants contended that this Court had subject-matter jurisdiction over Plaintiff's cause of action because it "arises under" federal law, the Price Anderson Act (PAA). Plaintiffs argued that the PAA is inapplicable. 28 U.S.C. § 1331. On October 20, 2017, this Court remanded the matter on the basis that a license or an indemnity agreement is required for federal subject matter under the PAA.[3]

On October 11, 2018, Defendant Bridgeton brought a third-party claim against Third-Party Defendant Cotter Corporation seeking tort based contribution for any damages assessed against Bridgeton based on Plaintiffs' claims. Defendant Bridgeton alleges that the radioactive waste was owned and placed at the landfill by Cotter. Third-Party Defendant Cotter Corporation was served with Third-Party Petition on November 15, 2018, and filed for Removal on December 7, 2018 citing 28 U.S.C. §§ 1331, 1332, 1441 and 1446. Both Defendant Bridgeton and Plaintiffs argue that Third-Party Defendant Cotter Corporation cannot properly remove because a third-party claim cannot be removed under 28 U.S.C. § 1441 if it is tied to the main claim. (ECF Nos. 24, 26). Plaintiff requests oral argument. (ECF No. 23). Third-Party Defendant Cotter Corporation argues that despite the procedural arguments presented by Plaintiffs and Defendant Bridgeton, the Court should nonetheless evaluate their claim on the merits and find that federal subject matter jurisdiction exists in this case. Plaintiffs argue that because Defendant Bridgeton seeks contribution from Third-Party Defendant Cotter Corporation based solely on liability to the Plaintiff under State law, and not the PAA, no federal question is presented.

---

[3] *See,* Strong *v. Republic Services, Inc.,* Cause No. 4:17CV01645JCH (ECF No. 42)(E.D. Mo.).

## LEGAL STANDARD

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482, U.S. 386, 392 (1987)(citation omitted). *See also*, *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir. 1996) ("The 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction.") (quoting *Caterpillar*, 482 U.S. at 392). Because federal law provides that Plaintiffs are the "masters of the complaint," plaintiffs "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

There is however an exception to the well pleaded complaint rule in cases where "'a federal statute wholly displaces the state-law cause of action through complete preemption.'" *Hall v. USAble Life,* 774 F. Supp 2d 953, 955 (E.D. Ark. 2011)(quoting, *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207-8 (2004)). Even in situations where a cause of action based on federal statute does not appear on the face of the complaint, preemption based on a federal statutory scheme may apply in circumstances where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim." *Caterpillar,* 482 U.S. at 393 (internal quotation and citation omitted). *See, e.g., Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987) (discussing the preemptive force of ERISA). "Where a complaint raises issues to which federal law applies with complete preemptive force, the [c]ourt must look beyond the face of the complaint in determining whether remand is proper." *Green v.*

*Arizona Cardinals Football Club, LLC*, 21 F. Supp.3d 1020, 1025 (E.D. Mo. 2014).

Except as otherwise expressly provided by Congress, civil actions for which the district courts of the United States have original jurisdiction may be removed from State court to federal district court. 28 U.S.C. §§ 1441(a), 1446. A party opposing removal may file a motion to remand to State Court. 28 U.S.C. § 1447(c). The party removing and opposing remand has the burden of establishing federal jurisdiction. *See In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1983 )(per curiam). Upon considering a motion to remand, a district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Id.*(citing *Steel Valley Auth. V. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir. 1987)). *See also, Transit Cas. Co. v. Certain Unterwriters at Lloyds of London,* 119 F.3d 619, 625 (8th Cir. 1997).

## **DISCUSSION**

Title 28 U.S.C. §1441(a) allows a case to be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A third-party claim cannot be removed under 28 U.S.C. § 1441 if it is tied to the main claim. *Lewis v. Windsor Door Co., a Div. of Ceco Corp.*, 926 F.2d 729, 733 (8th Cir. 1991)("We do not believe that the remote, ancillary possibility of a third-party claim not yet matured can constitute a basis for removal of a third-party claim which is not separate and independent of the plaintiff's claim").

"The Eighth Circuit has indicated that, in extremely limited circumstances, a third-party defendant may have a right of removal under §1441(c)." *Lytle v. Lytle*, 982 F. Supp. 671 (E.D. Mo. 1997)(citing, *Lewis v. Windsor Door Co.*, 926 F.2d 729, 734 (8th Cir. 1991). Under §1441(c) removal may be proper "whenever a *separate and independent claim or cause of action* within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise

non-removable claims or causes of action." 28 U.S.C. § 1441(c)(emphasis added). Title 28 U.S.C. § 1331 grants jurisdiction to "all civil actions arising under" federal law. 28 U.S.C. § 1331. Third-Party Defendant Cotter Corporation argues that Defendant's claim for contribution is separate and independent from the Plaintiff's claims for personal injury; that the contribution claim may implicate the PAA and therefore federal subject matter jurisdiction should apply in this case.

In *Lewis v. Windsor Door Co., a Div. of Ceco Corp.*, 926 F.2d 729, 733 (8th Cir. 1991),[4] a defendant named the federal government as third-party defendant for indemnification under the Federal Tort Claims Act ("FTCA"). *Lewis*, 926 F.2d at 730. The government then removed under the FTCA's provision for exclusive federal jurisdiction. *Id.* The court in *Lewis* determined that the third-party claim could not establish federal jurisdiction when the third-party claim relied on plaintiff's main claim which lacked federal jurisdiction. *Id.* at 733. In the instant case, Defendant Bridgeton's claim against Third-Party Defendant Cotter Corporation is similarly for contribution. *See,* 4:17CV01645JCH (ECF No. 42)(E.D. Mo.)(remanding Plaintiff's case to State court for lack of federal jurisdiction). Without Plaintiff's claim against Defendant Bridgeton, there would not be a cause of action against Third-Party Defendant Cotter Corporation. It cannot be said that the claims are separate or independent when one relies on the adjudication of the other.

Third-Party Defendant Cotter Corporation contends that the Court should impose federal

---

[4] Removal statute 28 U.S.C. § 1441, has subsequently been amended since *Lewis* was decided. Cases following the amendment and *Lewis* hold that in the Eight Circuit, a third-party claim generally cannot form the basis for removal if they are not independent from the original claim brought by the Plaintiff. *See, CACH, LLC v. Echols,* No. 15-6042, 2015 U.S. Dist. LEXIS 86484, at 7 (W.D. Ark. July 2, 2015)(stating that, "the Eight Circuit Court of Appeals has held that the removal statute does not permit removal by third-party defendants."); *Kum & Go, L.C. v. Veeder-Root Co.,* No. 4:13-cv-0046-JEG, 2014 U.S. Dist. LEXIS 187331, at *16-19 (S.D. Iowa Feb. 24, 2014)("In the Eight Circuit, a third-party defendant cannot remove a case under § 1441 when the plaintiff has not joined the claim or claims asserted against the third-party defendant") *Steeby v. Discover Bank*, 980 F. Supp. 2d 1131,1136 (W.D. Mo. 2013)("in the Eight Circuit third-party defendant are generally not permitted to remove").

subject matter jurisdiction in this case because Third-Party Defendant Cotter, has an affirmative defense under the PAA. This contention is without merit. Section 1441(c) is also clear that federal jurisdiction must be based on a "separate or independent *claim or cause of action*." 28 U.S.C. §1141(c)(emphasis added). Here the Defendant asserts a state law based contribution claim against Third-Party Defendant Cotter; to which Cotter suggests it will raise a defense under the PAA. An affirmative defense is not a claim or cause of action. It is well established that a defense of pre-emption, even if anticipated by the parties does not cause the claim to arise under federal law. *See, Hurt v. Dow Chemical Co.*, 963 F.2d 1142 (8th Cir. 1992)("' a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case,'… does not cause the plaintiff's claim to arise under federal law. (internal citations omitted)). Third-Party Defendant is unable to remove the present claim from State court on the basis of federal subject matter jurisdiction because no separate or independent federal claim has been raised. This matter has been improperly removed. As this issue is dispositive of the motions, the Court will not address the additional arguments raised by the parties, and will additionally deny the Plaintiff's request for oral motion.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' and Defendant Bridgeton's Motions to Remand (ECF Nos. 23, 26) are **GRANTED**; and that Plaintiff's request for oral argument is **DENIED.** An accompanying Judgement reflecting the same will be issued by the Court.

Dated this 1st Day of April, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE